UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VANESSA SOTO GIMENEZ,

                Petitioner,

    v.

JULIO HERNANDEZ, *et al.*,

                Respondents.

CASE NO. 2:26-cv-00966-GJL

ORDER ENFORCING
CONDITIONAL WRIT AND
DIRECTING IMMEDIATE
RELEASE

Petitioner Vanessa Soto Gimenez is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. On April 29, 2026, the Court found Petitioner's detention unlawful, granted her Petition for habeas corpus relief, and entered a conditional order of release. Dkt. 11. Respondents **have not satisfied** the requirements of the conditional writ. Dkt. 13. Petitioner is therefore entitled to **immediate RELEASE** as set forth in the conclusion below.

## I.      LEGAL STANDARD

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and...the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). "In modern habeas practice, courts often

ORDER ENFORCING CONDITIONAL WRIT
AND DIRECTING IMMEDIATE RELEASE - 1

'employ a conditional order of release,' which orders the government to release the petitioner unless it 'takes some remedial action' that corrects" the government's violation of the law. *Cardozo v. Bostock*, No. 2:25-cv-00871-TMC, 2025 WL 2592275, at *2 (W.D. Wash. Sept. 8, 2025) (quoting *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008)).

> Such conditional orders are essentially accommodations accorded to the state in that conditional writs enable habeas courts to give States time to replace an invalid judgment with a valid one. The consequence when the state fails to replace an invalid judgment with a valid one is always release.

*Harvest*, 531 F.3d at 742 (citation and quotations omitted). After issuing a conditional writ, a district court retains jurisdiction to ensure compliance with the writ and may order unconditional release if the government fails to comply with the initial habeas order. *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020).

## II.   DISCUSSION

On April 29, 2026, the Court issued a conditional writ requiring Petitioner's release unless specific conditions were met. The Court directed Respondents to provide Petitioner with a prompt bond hearing before an Immigration Judge ("IJ"). Dkt. 11 at 17. The Government was required to demonstrate "by clear and convincing evidence that, if released, Petitioner **poses a risk of danger to the community** and that no reasonable conditions of supervision would mitigate that risk." *Id.* (emphasis added). The Court *further required* that the IJ **"**prepare a written, contemporaneous record of the bond decision, which outlines their reasoning, the evidence considered, and application of the appropriate legal standards to the facts of Petitioner's case." *Id.* at 16–17. Finally, the Court directed Respondent to submit a declaration demonstrating satisfaction of these requirements along with a copy of the IJ's written decision. *Id.* at 17.

Thereafter, Respondents filed a declaration stating that "Petitioner received a bond hearing on May 4, 2026," and attached a copy of the bond order issued in those proceedings.

ORDER ENFORCING CONDITIONAL WRIT
AND DIRECTING IMMEDIATE RELEASE - 2

Dkt. 13 (declaration); Dkt. 13-1 (bond order). The bond order, issued by IJ Tammy Fitting, is a checkbox style order that denies bond based on flight risk. This order falls considerably short of this Court's expectations and requirements.

The bond order does not reflect which party bore the burden of proof at the hearing. It does not deny bond based upon dangerousness, which was the only basis for bond denial permitted by the conditional writ. It does not outline the IJ's reasoning. It does not identify the evidence considered. It does not reflect application of the appropriate legal standards to the facts of Petitioner's case.

In short, neither Respondents' declaration nor the IJ's bond order satisfy the requirements of the conditional writ entered in this case. Worse yet, these defects mirror the very concerns arising from the unfortunate series of procedural missteps that prompted this Court's issuance of the writ. *See* Dkt. 11 at 4-6.

It bears noting that, in fashioning the remedy in this case, the Court found it was "not clear that further immigration bond proceedings would be futile or incapable of redressing Petitioner's due process injuries" and, on that basis, conclude that Respondents "should be granted the opportunity to cure" their errors. Dkt. 11. Respondents were given that opportunity. Unfortunately, their submissions do not reflect a meaningful effort to redress Petitioner's injuries. Instead, the remedial bond proceedings, which were accorded as an accommodation to Respondents, have proven futile and incapable of redressing Petitioner's injuries.

Petitioner is thus entitled to immediate release.

### III.    CONCLUSION

For the forgoing reasons, the Court **ENFORCES** the conditional writ entered on April 29, 2026, and **ORDERS** as follows:

ORDER ENFORCING CONDITIONAL WRIT
AND DIRECTING IMMEDIATE RELEASE - 3

(1)    Respondents **SHALL** release Petitioner Vanessa Soto Gimenez from custody under the same conditions of her prior release, if any, within **SIX HOURS** of the issuance this Order; and

(2)    Respondents **SHALL** file a declaration with the Court within **twenty-four hours** of this Order, confirming that Petitioner has been released from immigration detention and providing the date and time of her release.

Dated this 8th day of May, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER ENFORCING CONDITIONAL WRIT
AND DIRECTING IMMEDIATE RELEASE - 4